## THE MIRANDA.[1]

### UNITED STATES v. THE MIRANDA.

*(District Court, S. D. New York. August 5, 1891.)*

**CUSTOMS DUTIES—FOREIGN-BUILT VESSEL—LIGHT MONEY—COLLECTOR'S CERTIFICATE.**
  A foreign-built unregistered vessel, which has been purchased by an American citizen, the bill of sale having been thereafter recorded in a United States custom-house, after proof of the citizenship of the owner, and which carries the collector's certificate to such facts, is in possession of such regular document as is required by section 4236, Rev. St., and is exempt from the payment of light money, under section 4225, Rev. St., on entering a port of the United States.

In Admiralty. Suit to enforce government lien for light money.
*Edward Mitchell*, U. S. Dist. Atty.
*North, Ward & Waystaff*, for the Miranda.

BENEDICT, J. The facts of this case are not in dispute. They are as follows: The schooner Miranda was built at Wivenhoe, England. In 1886 she was purchased by George H. B. Hill, the present claimant, who then was, and still is, a citizen of the United States. By such purchase the claimant became, and has since continued to be, the sole owner of the schooner, and she has since her purchase been used for the purposes of pleasure only, never having been employed in trade or in any kind of transportation for hire. In the year 1886 the claimant produced to the collector of the port of New York his bill of sale of the Miranda, together with proof that he was a citizen of the United States; and thereupon, pursuant to a general regulation of the treasury department, the collector recorded the bill of sale in his office, and indorsed thereon a certificate under his hand and official seal, stating that the bill of sale held by George H. B. Hill "is in form and substance valid and effective in law, and has been duly recorded in my office, and that the said George H. B. Hill is a citizen of the United States." The Miranda is enrolled among the yachts of the Royal Thames Yacht Club, and the claimant is a member of that club, which is a regularly organized yacht club of England. By section 4216 of the Revised Statutes of the United States—

"Yachts belonging to a regularly organized yacht club of any foreign nation, which shall extend like privileges to the yachts of the United States, shall have the privilege of entering or leaving any port of the United States without entering or clearing at the custom-house thereof, or paying tonnage tax."

On the 18th day of July, 1891, the Miranda arrived at New York from Vineyard Haven, Mass., and anchored off Bay Ridge, in the harbor of New York; whereupon the collector of the port of New York demanded payment of light money for the yacht, which being refused, this action was brought to collect the same. The statute relied on by

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

the government is section 4225 of the Revised Statutes of the United States. That section is as follows:

"Sec. 4225. A duty of fifty cents per ton, to be denominated 'light money,' shall be levied and collected on all vessels not of the United States which may enter the ports of the United States."

The claimant, among other things, relies upon the next succeeding section of the Revised Statutes, which contains the following provision:

"Sec. 4226. The preceding section shall not be deemed to operate upon unregistered vessels owned by citizens of the United States, and carrying a sea-letter or other regular document issued from the custom-house of the United States proving the vessel to be American property."

The contention in behalf of the government is that the Miranda, being a vessel not of the United States, having been built in England, is liable to pay light money by virtue of section 4225, because she has come to an anchor within the port of New York, and is not exempted from liability to pay light money by section 4226, because, although she is an unregistered vessel owned by a citizen of the United States, the collector's certificate which she carries is not such a document as is required by the terms of that section. The proceeding is taken in the admiralty upon the ground that the statutes make light money a charge upon the vessel herself, and that the charge is maritime in character, and so within the jurisdiction of the admiralty, and may therefore be enforced by an action *in rem*. The contention on the part of the claimant is that the Miranda is not subject to light money, because—*First*, she has not made entry at the custom-house, and is not required to make entry by virtue of section 4216, above quoted; *second*, because light money is a tonnage tax, and, inasmuch as the claimant is a member of the Royal Thames Yacht Club, the Miranda may enter any port of the United States without payment of light money, by virtue of section 4216, above quoted; *third*, because she does not belong to the class of vessels upon which the provision for light money was intended to operate; *fourth*, because the certificate issued from the custom-house on September 15, 1886, is a regular document proving her to be American property, within the meaning of section 4226, and she is by virtue of that section exempt from liability to pay light money.

Careful arguments have been presented by the respective parties covering all the points above stated. The argument in favor of the proposition that the words, "enter the ports of the United States," as used in section 4225, refer to an entry at the custom-house; and the section should be construed to mean that vessels required by law to make entry at the custom-house, and no others, are liable to pay light money, seems to me forcible, but I do not base my decision of this case upon that ground. This decision is placed upon the last two propositions in behalf of the claimant, as above stated, namely, that the document carried by the Miranda is such a document as is contemplated by section 4226; and inasmuch as the facts stated in that document have not been disputed, but, on the contrary, it has been proved here that the Miranda is American property, she is not liable to pay light money, and is shown

to be exempt by virtue of section 4226. This seems to me clear. I cannot assent to the position taken by the government that the exemption declared by section 4226 is confined to vessels "regularly documented," that is, vessels registered or enrolled or licensed. The statute reads otherwise. It declares in terms that section 4225 shall not operate upon a vessel owned by a citizen of the United States, which, although without a register, or enrollment, or license, or sea-letter, does have some other regular document issued from a custom-house of the United States, proving the vessel to be American property. Such a document, in my opinion, the Miranda has. The certificate of the collector of the port of New York, issued under his hand and official seal, and by him indorsed upon the claimant's bill of sale, and recorded with the bill of sale in the collector's office, is an official document, issued from a custom-house of the United States. It is a regular document, not only because it was issued in pursuance of a regulation of the treasury department in force at the time, but also because the statute (section 4226) contemplates, and therefore authorizes, the issue from a custom-house to unregistered vessels owned by citizens of the United States of a document showing the fact to be that the vessel is owned by a citizen of the United States. The object of the document is to put it in the power of the ship-owner, at all times and everywhere, to claim the exemption from light money which is declared in section 4226; and, when the document contemplated by the statute is issued from a custom-house of the United States, it is regular, whether prescribed or forbidden by the secretary of the treasury.

Furthermore, the document proves the Miranda to be American property, within the meaning of section 4226. The intent of the section is that the fact that the vessel is American property shall exempt her from liability to pay light money. A ready method of ascertaining that fact is secured by the provision for a statement of the fact in a document regularly issued from a custom-house. The word "proving" is used in this section in the sense of showing; making public. By the certificate carried by the Miranda it is made to appear that the bill of sale under which George H. B. Hill claims title to the Miranda has been submitted to the collector of the port of New York, and has been found by him to be "in form and substance valid and effective in law;" that is to say, is a genuine bill of sale, duly executed by the English owners of the Miranda, by which the vessel is made the property of George H. B. Hill. By the same document it is made to appear that the citizenship of George H. B. Hill has been inquired into by the collector, and the said Hill has been found to be an American citizen. From these findings, stated in the certificate, the conclusion follows that the fact that the Miranda is American property has been proved to the satisfaction of the collector. Such a document, in my opinion, fulfills the requirements of section 4226.

It is true that it nowhere appears that the facts stated in the certificate were shown to the collector by the oath of the ship-owner, but no statute has been referred to confining the collector to that mode of proof. For

all that appears, the owner's oath may have been before the collector, but the law is complied with if the fact be shown to the collector by any competent evidence. Moreover, the fact has been duly proved before the court in this case, and is not denied. How can this court be asked to condemn this vessel to pay light money, in face of the fact proved, that she is an unregistered vessel, owned by a citizen of the United States, when the declaration of section 4226 is that such a vessel, so owned, is not liable to pay light money? It seems to have been said that the provision in the act of 1810 forbidding the issue of a document "certifying or proving" any vessel to be the property of a citizen of the United States, unless the vessel was entitled to such certificate on the 30th of June, 1810, is still in force. This cannot be. The substance of the act of 1810 appears in section 4190 of the Revised Statutes, but the limitation above mentioned is omitted from the Revised Statutes, and therefore is no longer in force. Section 4190, as it stands, is the law; and it authorizes such a document to be issued to any vessel entitled thereto, and forbids the issue of such document to any vessel unless she be American property. Again, it has been argued that section 4190 forbids the issue of such a document to any vessel not owned by an American citizen on the day the Revised Statutes took effect, viz., December 1, 1875. But there are no words in section 4190 from which the intent to create such a limitation can be gathered. No such limitation was in the original act. There the limitation was June 30, 1810. That limitation was omitted from the Revised Statutes, and no words were inserted indicating the intention to substitute any limitation of time whatever. If such had been the intention, it was so easy to say so that the absence of any words of limitation proves the absence of an intent to provide any limitation of time.

Reference has been made, in connection with this subject, to sections 4306 and 4308. These are sections which authorize the issue of a passport to a vessel bound on a foreign voyage. A passport is a well-known document, known by that name, and it seems impossible to suppose that the words, "other document proving the vessel to be American property," refer to a passport. Furthermore, sections 4306 and 4308 apply to vessels bound on a foreign voyage, and to no other. The Miranda is not bound on a voyage, and has no occasion for a passport. These considerations seem to me to compel a decision adverse to the government, and therefore, without passing upon any other of the grounds of defense taken by the claimant, my conclusion is that, upon the ground I have stated, the libel must be dismissed, and it is so ordered.